Peck, J.
delivered the opinion of the court.
M’Intosh obtained a certiorari to take up a cause determined before a justice of the peace into the circuit court for a new trial. He gave bond conditioned “to prosecute his certiorari with effect, or in case he fail, pay and *318 satisfy whatever judgment the said court may render finally against him, then to be void.
At the return term of the court, Langtree, on grounds laid by affidavit, objected to the sufficiency of the security given,-and M’intosh was ruled to give better security, which failing to do, the certiorari was dismissed, and judgment rendered against him and securities for the debt, fifty dollars and costs. From this judgment a writ of error is prosecuted to this court.
It is to be regretted, that too often the rules entered for exacting better security are used, not to attain, but to defeat the ends of justice. While we do not call in question either the right to the rule or the sufficiency of the affidavit that exacted it, still it is proper to remark, that it ought rather to be the business of the courts to see that causes are tried upon their merits, than that they should be disposed of upon other grounds.
It appears by the record, that the justice had not returned into court the warrant, and at the same time that an alias certiorari is awarded; but before it has performed its office, the cause is dismissed and judgment given against the petitioner for the certiorari and his insufficient securities.
We will now see how far this judgment is justified under our acts of assembly. The bond on which this judgment is given, let it be kept in mind, is conditioned to prosecute the suit by certiorari with effect, or if he fail then to satisfy, &c.
The act of 1807, ch. 81, sec. 1, directs that the bond shall be conditioned “that if said certiorari shall be dismissed for informality or want of sufficient substance, that he shall well and truly satisfy such judgment as had been rendered against him.” And that it should not be lawful for any clerk to issue a writ of certiorari, &c. without bond and security taken as aforesaid.
The act of 1817, ch. 119, directs that, when a certio-rari shall be dismissed for want of prosecution or for *319 other cause, judgment shall be entered against principal and securities for the amount of the judgment below and costs, with twelve and a half per cent interest, &c.
We have always held that these acts must be taken together to authorize courts to render these summary judgments. The law must be strictly pursued. As the bond is the foundation of the judgment to be rendered, at least so far as the securities are concerned, it must be seen upon its face, that it is broad enough to cover and support the judgment. Here the very requisite of the law, touching the form of the bond that would justify this judgment, is wanting. The condition does not cover the case of a dismissal of the certiorari. Therefore, there was no authority for the judgment.
In the language of the act of assembly, it was not a lawful bond to authorize the judgment to be taken; for the clerk is forbid to issue certiorari until a bond is taken in the form prescribed by the act.
The judgment must be reversed at the cost of Lang-tree in this court, but judgment for costs against M’Intosh in the circuit court, and ‘procedendo issue to the justice.
Judgment reversed.